[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 29, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15831

_____

D. C. Docket No. 04-61061-CV-MGC

JAMES CAPONE,
ELLASANDRA D. CAPONE,
a minor, by and through her father,
James Capone,

Plaintiffs-Appellants,

versus

CRYSTAL PALACE US, INC.,
RUFFIN'S CRYSTAL PALACE HOTEL CORPORATION, LTD.,
RUFFIN HOTEL CORPORTATION, LTD.,
d.b.a. Wyndham Nassau Resort and Crystal Palace Casino,
RUFFIN HOLDINGS, INC.,
d.b.a. Ruffin Companies, The,
WYNDHAM INTERNATIONAL, INC.,
d.b.a. Wyndham  Nassau Resort and Crystal Palace Casino,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(November 29, 2006)**

Before TJOFLAT, HULL and BOWMAN,[*] Circuit Judges.

PER CURIAM:

In this diversity case brought in the United States District Court for the Southern District of Florida, Plaintiffs-Appellants James M. Capone and Ella Sandra D. Capone, a minor by and through her father, James M. Capone ("Appellants") appeal the district court's dismissal of their Amended Complaint asserting personal injury claims against the Defendant-Appellee Ruffin's Crystal Palace Hotel Corporation, Ltd., a Bahamian Limited Liability Company d/b/a The Wyndham Nassau Resort and Crystal Palace Casino ("Appellee"). Appellants' personal injury claims arise from injuries Appellant James M. Capone sustained when he dove from a seawall at the Appellee's Wyndham Nassau Resort and Crystal Palace Casino (the "Nassau Resort") and are based on Appellee's alleged negligence, *inter alia*, in failing to install railings and to post appropriate warnings

_____

[*]Honorable Pasco M. Bowman II, United States Circuit Judge for the Eighth Circuit, sitting by designation.

for and to business invitees utilizing the swimming area of the resort. The district court granted Appellee's motion to dismiss on the ground that the court lacked personal jurisdiction over the Appellee under Florida's long arm statute, Fla. Stat. § 48.193(2).

Appellants and Appellee now concede that the outcome of this appeal as to the personal jurisdiction issue is controlled by this Court's recent opinion in *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360-64 (11th Cir. 2006), and that based on that precedent this Court must reverse the dismissal of Appellants' Amended Complaint in this case. In *Stubbs*, this Court concluded that the Nassau Resort in that case, which is the same as in this case, was "engaged in substantial and not isolated activity within" Florida and that general personal jurisdiction existed over the Nassau Resort under Florida's long arm statute, Fla. Stat. § 48.193(2). *Stubbs*, 447 F.3d at 1363. In *Stubbs*, this Court expressly noted that the defendants had also raised venue and forum non conveniens issues, that the district court had ruled based on the personal jurisdiction issue, and that the district court did not address any other issue. *Stubbs*, 447 F.3d at 1360.

Appellees point out that the district court in this case, like the district court in *Stubbs*, ruled on only the personal jurisdiction issue and did not rule on the

3

venue or forum non conveniens issues. Appellees request that we remand this case so that the district court may address these other issues.

For the foregoing reasons, the district court's order dismissing the Amended Complaint based on lack of personal jurisdiction is reversed, and this case is remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**[1]

---

[1]The Clerk shall remove the case from the oral argument calendar set for December 5, 2006.